# Exhibit A

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON            NJ 08650-0068

COURT TELEPHONE NO. (609) 571-4490                    TRACK ASSIGNMENT NOTICE
COURT HOURS

                              DATE:    DECEMBER 16, 2013
                              RE:      FRIEDMAN V BANK OF AMERICA NA
                              DOCKET:  MER L -002704 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS     300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ANTHONY M. MASSI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     012
AT:   (609) 571-4475.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                              ATTENTION:
                                        ATT: BRUCE D. GREENBERG
                                        LITE DEPALMA GREENBERG LLC
                                        LITE DEPALMA GREENBERG LLC
                                        TWO GATEWAY CENTER 12TH FL
                                        NEWARK            NJ 07102-5005

JTMCMED

RECEIVED

DEC 23 2013

LITE DEPALMA
GREENBERG, LLC



**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg (NJ ID #:14951982)
Jeffrey A. Shooman (NJ ID #:041512006)
Two Gateway Center – Suite 1201
Newark, New Jersey 07102
(973) 623-3000
bgreenberg@litedepalma.com
jshooman@litedepalma.com

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| SCOTT FEDERMAN<br>On behalf of himself and all others<br>Similarly situated | : <br> : <br> : <br> : | SUPERIOR COURT OF NEW JERSEY,<br>MERCER COUNTY, LAW DIVISION<br><br>Docket No.: *L-2704-13* |
| Plaintiffs, | : <br> : | CIVIL ACTION |
| v. | : <br> : | **CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |
| BANK OF AMERICA, NA, | : <br> : | |
| Defendant. | : | |

Plaintiff Scott Federman, whose address is 6332 Musket Court, Bensalem, PA, by his

attorneys, brings this class action against Defendant Bank of America, NA, with an address at

1100 Merrill Lynch Drive, Pennington, NJ, on his own behalf and on behalf of all others

similarly situated, and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is a wage and hour class action against Defendant, seeking relief on behalf of

a class of all hourly contract employees who are or were workers at the information technology

facilities of Bank of America, NA.  For at least the past six years, Defendant has engaged in a
common scheme, plan, and conspiracy to deprive hourly employees of due and payable hourly
wages.  Defendant did this by implementing a third-party recruitment and contract scheme in
which employment recruiters for information technology ("IT") personnel, such as Adecco,
Infosys, Tata Consultancy Services, Mitchell Martin, Inc. ("MMI"), and others, recruited and
placed IT workers at various Bank of America IT facilities, including the facilities at Pennington,
NJ, to perform work for Bank of America, but refused to pay those workers for any work over 40
hours per week, despite the fact that all or virtually all of the workers were regularly required to
work many more than 40 hours per week.  As detailed below, Plaintiff and all of the Class
members were hourly, non-salaried employees who were paid only for 40 hours of work per
week despite the fact that they regularly worked many more than 40 hours per week.  The
computer log-in, time slips, and other security records of Defendant show and will show the
amount of time Plaintiff and all other Class members worked for Defendant for which they were
not paid.

      2.    As part of this common scheme, plan and conspiracy, several of the IT recruiters
had or have "employee service agreements" ("ESA") with the workers.  As a result, Defendant
Bank of America is a statutory co-employer of the workers and is responsible for failing to pay
the Class members for all hours worked, having received and appreciated the benefits of their
unpaid labor.  Plaintiff Federman's ESA with MMI provided that disputes concerning his wages,
among other things, would be resolved by arbitration.  That arbitration clause expressly
contemplates representative and collective actions:  "The arbitrator shall render a written award
that contains the essential findings and conclusions on which the decision is based and *such*

2

*decision shall be final and binding upon the parties and all persons claiming under and through them.*" (Emphasis added).

3.      In accordance with the ESA, Plaintiff filed a demand for arbitration with the American Arbitration Association naming both MMI and Bank of America.  In response, Bank of America denied that it had any arbitration agreement with Plaintiff of other class members, so that the claim could not proceed in arbitration against Bank of America.

4.      Because Bank of America is a statutory co-employer, and because Bank of America has denied that it has any arbitration agreement with Plaintiff and other Class members relating to their pay for earned wages, Plaintiff has instituted this class suit in court to obtain full relief on behalf of himself and the similarly situated hourly IT workers.

5.      With respect to Plaintiff, the ESA's Term Schedule expressly set forth a non-salaried, hourly rate of employment:  "**RATE: $60.00 PER HOUR (W2)**" and promised that "Employee will be paid for hours worked and approved by Client/Client Manager."

6.      Notwithstanding these terms, Plaintiff regularly worked more than 40 hours per week at the client, Bank of America (ADECCO), but was only paid for 40 hours per week, despite repeated requests for compensation for all hours worked.  Plaintiff and other Class members were told that Bank of America would approve payment for only 40 hours per week even though the work assigned and required demanded that Plaintiff and other Class members work on weekends, late evenings and very early mornings to coordinate with other offices in India and elsewhere.

3

## JURISDICTION AND VENUE

7.      Plaintiff and the putative Class and Subclass as defined herein seek monetary and

injunctive relief under the New Jersey Wage and hour Law, N.J.S.A. 34:11-56a et seq., and under

common law for breach of contract and unjust enrichment.

8.      Venue is proper in Mercer County under Rule 4:3-2 because it is where the cause

of action arose and where Defendant has maintained its principal business address or has

otherwise conducted business.

## PARTIES

9.      Plaintiff Scott Federman is a citizen of Pennsylvania who resides at 6332 Musket

Court, Bensalem, PA 19020.  He has been employed by Defendant Mitchell Martin, Inc. and

Bank of America (ADECCO) since May 2013 at Bank of America's technical service facilities

located at 1100 Merrill Lynch Drive, Pennington, NJ.  Since at least June 15, 2013, Defendant

Bank of America has failed to pay Federman for all the hours he has worked per week despite his

repeated requests for such pay.

10.     Defendant Bank of America is a national banking association located in North

Carolina but having executive offices in New York, NY, Pennington, NJ, and Charlotte, NC.  On

information and belief, MMI and Bank of America have a contractual relationship, as the MMI

Term Schedule refers to Bank of America as "client."  Bank of America and MMI have

employed Federman since on or about May 20, 2013 as an hourly employee but have failed to

pay him for all hours worked.  Bank of America has suffered and permitted Federman and other

Class and Subclass members to perform work for Bank of America for which they have not been

4

paid.  Bank of America has been aware of and appreciated the benefits of this work, and it would

otherwise be unjust for Federman and other Class members not to be paid for such work.

11.     At all times relevant to this action, Plaintiff and the Subclass were "employees"

covered by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. ("NJWHL").  At all

relevant times, Defendant was an "employer" of Plaintiff and the Subclass of hourly workers

Plaintiff seeks to represent, as those terms are defined by NJWHL, N.J.S.A. 34:11-56a1(h) and

NJWHL N.J.S.A. 34:11-56a1(g), and applicable regulations of the New Jersey Department of Labor

and Workplace Development contained in the New Jersey Administrative Code ("N.J.A.C."),

N.J.A.C. 12-56-6 et seq.  Defendant is jointly and severally liable for the violations alleged in this

Claim.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action, pursuant to Rule 4:32 of the New

Jersey Court Rules, on his behalf and on behalf of all other members of the Class ("Class"),

defined as:

> All hourly employees of Bank of America who have worked more
> than 40 hours in a week but who have not been paid for work over 40
> hours per week during the period beginning six years prior to the
> filing of this claim through the date of final judgment herein.

13.     Plaintiff also brings this action under the NJWHL on behalf of a

subclass ("Subclass") that is defined as:

> All hourly employees of Bank of America in New Jersey who have
> worked more than 40 hours in a week but who have not been paid for
> work over 40 hours per week during the period beginning two years
> prior to the filing of this claim through the date of final judgment
> herein.

5

14.    There are over 40 persons who are members of the Class, and the members of the Class are geographically dispersed throughout the United States.  Similarly, there are over 40 persons who are members of the Subclass.  Therefore, individual joinder of all members of the Class or Subclass would be impracticable.

15.    Common questions of law or fact exist as to all members of the Class and Subclass.  These questions predominate over the questions affecting only individual class members.  These common legal or factual questions include:

a.    Whether Defendant has engaged in a common scheme, plan and course of conduct to deprive hourly employees of due and payable hourly wages by implementing a third-party recruitment program that denied pay to Plaintiff and Class and/or Subclass members for all hours worked;

b.    Whether Defendant has failed to pay Plaintiff and Class and/or Subclass members for all hours worked;

c.    Whether Defendant has breached the employment agreements and term schedules of Plaintiff and Class and/or Subclass members;

d.    Whether Defendant has been unjustly enriched by failing to pay Plaintiff and Class and/or Subclass members for all hours worked;

e.    Whether Class and/or Subclass members have suffered damage as a result of Defendant's conduct; and

f.    The appropriate measure of damages.

6

16.     Plaintiff's claims are typical of the claims of the Class and Subclass, in that Plaintiff is employed by Defendant as an hourly employee, in New Jersey, and was not paid for all hours worked.  Plaintiff, therefore, is no different in any relevant respect from any other Class or Subclass member, and the relief sought is common to the Class and Subclass.

17.     Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class or Subclass members he seeks to represent, and he has retained counsel competent and experienced in conducting complex class action litigation.  The interests of the Class and Subclass will be adequately protected by Plaintiff and his counsel.

18.     A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual Class and Subclass member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex proceedings necessitated by Defendant's conduct.  Thus, it would be virtually impossible for the Class and Subclass members individually to effectively redress the wrongs done to them.  Moreover, even if the Class members themselves could afford individual proceedings, it would still not be preferable to class-wide proceedings.  Individualized cases present the potential for inconsistent or contradictory judgments.  By contrast, class-wide litigation presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a neutral tribunal.

19.     In the alternative, the Class and/or Subclass may be certified pursuant to Rule 4:32-1(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the

Class and Subclass, thereby making appropriate preliminary and final equitable relief with respect to the Class and Subclass as a whole.

## STATEMENT OF FACTS

20.     The Bank of America corporate center in Pennington, NJ houses scores of technical support, development, back-office and operation resources for a multitude of Bank of America operations and subsidiaries throughout the country.  On information and belief, Defendant Bank of America employs, directly and indirectly, hundreds of hourly technical support, technology and applications personnel at the Pennington corporate center and elsewhere. On information and belief, many of these personnel, including Plaintiff, have employment service agreements with technology recruiters and contractors, such as MMI, who have placed such personnel with Defendant Bank of America.

21.     Beginning in May 2013, Plaintiff was recruited by and contracted with MMI to work as a "Technical Delivery Manager" at the Bank of America corporate center in Pennington, NJ.  Plaintiff, like the Class and Subclass members, was not a salaried employee.  Instead, MMI's Term Schedule provided that Plaintiff was an hourly employee at the "**RATE: $60.00 PER HOUR (W2).**" The Term Schedule further provided that "Employee will be paid for hours worked and approved by Client/Client Manager."

22.     Beginning in June 2013 and continuing thereafter, Plaintiff worked at Bank of America each week for more than 40 hours per week.  Such work hours were required by the projects, systems, applications and installations Plaintiff and Class and Subclass members had been assigned and directed to complete by Defendant.  Indeed, many of the assignments required

8

(and continue to require) coordination with other Bank of America technical personnel located in India and elsewhere, meaning that weekend, holiday, evening and early morning hours were necessary to perform the tasks.

23.     Upon performing this work, Plaintiff submitted timesheets and requests for payments reflecting all of the hours he had worked.  Despite such submissions and requests for payment, Defendant advised Plaintiff that he would not be paid for any hours over 40 hours per week.  Defendant has continued to advise Plaintiff and Class and Subclass members that they would be paid for only 40 hours per week despite their consistent and regular work of beyond 40 hours per week.

24.     The hours worked by Plaintiff and other Class and Subclass members beyond 40 hours per week are reflected in the electronic log-in and security records of Defendant Bank of America.  In addition, Plaintiff recorded on his timesheet for recruiter MMI "rollback" hours reflecting those hours of work Plaintiff performed were beyond 40 hours per week.

25.     Regardless of whether Plaintiff and other Class and Subclass members were or are entitled to an overtime premium for their work hours beyond 40 hours per week (due to any alleged status as a "computer professional"), they were and are entitled to, at a minimum, their standard hourly pay for all hours worked, as neither Plaintiff nor the Class or Subclass members were or are salaried employees.

26.     Defendant has attempted improperly to use the third party agreement between the technology recruiters and Bank of America to deny Plaintiff and other Class and Subclass members pay for all hours worked.  In denying such pay, Defendant has breached the

9

employment agreements and terms and violated the NJWHL. The NJWHL expressly prohibits the waiver of employee rights to pay for all hours worked.

27.     At all times relevant, Defendant is and was required to establish, maintain and preserve for six years, true and accurate records of the hours worked by each employee. N.J.S.A. 34:11-56a20, N.J.A.C. 12:56-4.4.

28.     Upon information and belief, Defendant failed to establish, maintain, and preserve all such required records for Plaintiff and the Class and Subclass including but not limited to the total hours worked each day and each workweek by Plaintiff and each member of the Class and Subclass and their start and stop times.

## COUNT I
### (Breach of Contract on behalf of all Class and Subclass Members)

29.     Defendant imposed a substantially uniform ESA and Term Sheet applicable to the work of Plaintiff and Class and Subclass members. The ESA provided that Plaintiff would be paid $60.00 per hour for "hours worked." Despite this promise and agreement, Defendant has failed to pay Plaintiff and Class and Subclass members their agreed-to hourly pay for all hours worked.

30.     In addition, Defendant has breached the implied duty of good faith and fair dealing by refusing to pay Plaintiff and Class and Subclass members for all hours worked.

31.     Defendant has imposed an arbitrary and self-interested limit on the hours paid to Plaintiff and Class and Subclass members that has no relation to the work actually performed and required by Plaintiff and Class and Subclass members. In addition, Defendant may not use the

phrase "approved by Client/Client Manager," to waive employee rights to pay for all hours worked.

32.     Plaintiff and the other members of the Class and Subclass are entitled to recover the full amount of damages caused by Defendant's above-described breach, in such amounts to be proved at trial.

## COUNT II
### (NJWHL - Unpaid Wages on behalf of New Jersey Subclass Members)

33.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34.     At all times relevant herein, Plaintiff and the New Jersey Subclass members were employed by Defendant within the meaning of the NJWHL.

35.     Defendant willfully violated Plaintiff's rights and the rights of the members of the Subclass, by failing to pay them for all hours worked at rates not less than their promised and regular rate of pay for each hour worked.

36.     As a result of Defendant's violations of the NJWHL, Plaintiff and members of the Subclass have suffered damages by being denied pay for all of their hours worked in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs pursuant to the NJWHL.

37.     In light of Defendant's longstanding and ongoing violations of the NJWHL and applicable regulations, Plaintiff also seeks injunctive relief precluding Defendant from continued

11

violations of these laws and affirmatively mandating Defendant's compliance with the provisions of the NJWHL.

## COUNT III
### (Unjust Enrichment on behalf of all Class and Subclass Members)

38.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.    Under the common law doctrine of unjust enrichment, Defendant, by its policies and actions, benefited and increased its profits and personal compensation by failing to pay Plaintiff and the Class and Subclass all wages due for work performed including but not limited to hours worked in excess of 40 hours in a workweek at their regular hourly wage rate.

40.    Defendant accepted and received the benefits of the work performed by Plaintiff and the Class and Subclass at the expense of Plaintiff and the Class and Subclass. It is inequitable and unjust for Defendant to reap the benefits of the labor of, Plaintiff's, the Class, and the Subclass without paying all wages due, which includes but is not limited to unpaid overtime and regular hours.

41.    Plaintiff and the Class and Subclass are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendant, plus interest on these amounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the Class and Subclass, requests award and relief on all causes of action as follows:

A.    An order certifying this action as a Class action, certifying a Class and a New Jersey Subclass, AND appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B.    A judgment against Defendant and in favor of Plaintiff and each member of the Class and Subclass awarding damages, together with pre-judgment and post-judgment interest, costs of suit, and reasonable attorneys' fees;

C.    An injunction enjoining Defendant from continuing the unlawful failure to pay for all hours worked and requiring specific performance of Defendant's contractual obligations to Plaintiff and members of the Class and Subclass;

D.    An equitable decree requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendant as a result of the unlawful and unjust conduct alleged herein;

E.    Such other and further relief as may be deemed equitable and just.

## JURY DEMAND

42.    Plaintiff and the Class and Subclass demand a trial by jury for all of the triable issues of this Complaint.

13

## CERTIFICATION UNDER RULE 4:5-1

43.    Plaintiff certifies that a related action captioned *Federman v. Mitchell Martin Inc.,*

*et al.* is pending before the American Arbitration Association.  That action is not proceeding as

against Defendant Bank of America, NA, however.

Dated: December 13, 2013

LITE DEPALMA GREENBERG, LLC

Bruce D. Greenberg (NJ ID #:14951982)
Jeffrey A. Shooman (NJ ID #:041512006)
Two Gateway Center – Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
bgreenberg@litedepalma.com
jshooman@litedepalma.com

Additional Counsel

Michael D. Donovan
DONOVAN AXLER, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067
mdonovan@donovanaxler.com

Tracy Paul Hunt
TIMBY HUNT, LLC
33 W. Court St.
Doylestown, PA 18901
(215) 230-7626
tph@timbyhunt.com

14

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. **RECEIVED AND FILED** |
| AMOUNT: **DEC 13 2013** |
| OVERPAYMENT: |
| BATCH NUMBER: **MERCER COUNTY CLERK OF SUPERIOR COURT** |

| ATTORNEY / PRO SE NAME<br>Bruce D. Greenberg, Esq. | TELEPHONE NUMBER<br>(973) 623-3000 | COUNTY OF VENUE<br>Mercer |
|---|---|---|
| FIRM NAME (if applicable)<br>Lite DePalma Greenberg, LLC | | DOCKET NUMBER (when available)<br>L- 2704-13 |
| OFFICE ADDRESS<br>Two Gateway Center - Suite 1201<br>Newark, New Jersey 07102 | | DOCUMENT TYPE<br>Class Action Complaint |
| | | JURY DEMAND   ■ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Scott Federman, on behalf of himself<br>and all others similarly situated | CAPTION<br>Scott Federman, on behalf of himself and all others similarly situated v.<br>Bank of America, NA |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>509 | HURRICANE SANDY<br>RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES   ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE<br>☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ YES   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No |

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR<br>ACCELERATED DISPOSITION |
|---|

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**    ☐ **Putative Class Action**    ☐ **Title 59**