IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| SCOTT FEDERMAN and JAMES LEONE, on behalf of themselves and all others similarly situated, | |
| | Case No. 3:14-cv-0441-MAS-TJB |
| Plaintiffs, | |
| v. | Motion Date: December 7, 2015 |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORP., | |
| Defendants. | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT <u>PURSUANT TO Fed. R. Civ. P. 12(b)(6)</u>**

Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
pagoldstein@mcguirewoods.com
*Attorneys for Defendants Bank of America, N.A. and Bank of America Corp.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.   PRELIMINARY STATEMENT .................................................................1

II.   STATEMENT OF FACTS ...........................................................................1

III.   ARGUMENT .................................................................................................3

      A.   LEGAL STANDARD .........................................................................3

      B.   PLAINTIFFS FAILS TO STATE A BREACH OF CONTRACT CLAIM BECAUSE DEFENDANTS ARE NOT A PARTY TO THE CONTRACTS AT ISSUE. ..................................4

IV.   CONCLUSION..............................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)......................................................................................3

*In Re Burlington Coat Factory Secs. Lit.*,
114 F.3d 1410 (3d Cir. 1997).....................................................................................4

*Rastogi v. Beth Israel Med. Ctr.*,
1999 U.S. Dist. LEXIS 12284 (S.D.N.Y. Feb. 16, 1999)..........................................4

*Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc.*,
1997 U.S. Dist. LEXIS 5144 (S.D.N.Y. April 18, 1997) ..........................................4

*Dember Constr. Corp. v. Staten Island Mall*,
56 A.D.2d 768, 392 N.Y.S.2d 299 (1st Dept. 1977) .................................................4

*Pathfinder Mgmt., Inc. v. Mayne Pharma PTY*,
2008 U.S. Dist. LEXIS 61081 (D.N.J. Aug. 5, 2008) ...............................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................3

I.    **PRELIMINARY STATEMENT**

Plaintiffs Scott Federman and James Leone have filed their Second Amended Complaint ("SAC") against Defendants Bank of America, N.A. ("BANA") and Bank of America Corp. ("BAC") (together, "Bank of America" or "Defendants"). *See* (Dkt. #39), a true and correct copy of which is attached as Exhibit A to the accompanying Declaration of Philip A. Goldstein ("Goldstein Decl."). Plaintiffs assert in Count I of their SAC a claim for breach of contract. But, that claim fails to state a claim upon which relief can be granted and should be dismissed because Defendants are not parties to any of the contracts at issue.

II.    **STATEMENT OF FACTS**

Plaintiffs allege that Bank of America has a contractual relationship with Pontoon Solutions, Inc. ("Pontoon") through which Pontoon serves as a "Master Servicer" provider of contractors for Bank of America's Information Technology ("IT") sector. (SAC, pp. 4-5, ¶11).[1] Plaintiffs refer in their SAC to a Master Services Provider relationship between Pontoon and Bank of America, commonly referred to as an MSP relationship. According to Plaintiffs, Bank of America contracts with Pontoon to handle the procurement of contractor staffing for temporary assignments. (SAC, ¶1 and pp. 4-5, ¶ 11). Pontoon then contracts with individual staffing firms such as Mitchell Martin, Inc. ("MMI"), which employed

---

[1] The SAC contains two Paragraph 11s, so this brief includes the page number as well as paragraph number when necessary.

1

Plaintiff Federman, and TEK Systems, Inc. ("TEK"), which employed Plaintiff Leone, to provide qualified contractor candidates for temporary assignments at Bank of America (SAC, ¶ 1 and pp. 4-5, ¶ 11); and, the individual staffing firms such as MMI and TEK then contract directly with the individual contractors, such as Plaintiffs here. (SAC, ¶ 2) (alleging that the staffing firms "had or have 'employee service agreements' ('ESA') with the workers"); (SAC, p. 6, ¶11) (averring that "Plaintiffs[] had employment agreements with technology recruiters and contractors, such as MMI and TEKsystems ..."); (SAC, ¶ 50) (Plaintiffs alleging that the purported FLSA collective members all entered into agreements "with a third-party IT recruiting company" like MMI or TEK).[2]

For example, Plaintiff Federman alleges that he "contracted with MMI" to work an assignment at Bank of America's Pennington, New Jersey facility. (SAC, p. 6, ¶ 12); (*see also* SAC, ¶ 2) (referring to "Plaintiff Federman's ESA with MMI"). And, this allegation is confirmed by his contract with MMI. (Goldstein Decl., ¶ 3 and Exh. B). Bank of America is neither a party nor a signatory to that contract (*id*.), and the SAC does not contain any allegations of any contractual

---

[2] While outside the pleadings, general background on Pontoon and its MSP programs and staffing firms MMI and TEK can be found at <www.pontoonsolutions.com>, www.mitchellmartin.com>, and <www.teksystems.com>, respectively.

2

relationship between Federman and Bank of America.[3]

Similarly, Plaintiff Leone alleges that he "contracted with TEKsystems" to work an assignment at Bank of America's Pennington, New Jersey facility. (SAC, p. 6, ¶ 13). As with Federman, the SAC does not contain any allegations of any contractual relationship between Leone and Bank of America. Indeed, the SAC does not contain any allegations that any of the putative class members ever entered into a contract with Bank of America.[4]

## III. ARGUMENT

### A. LEGAL STANDARDS UNDER RULE 12(b)(6)

When presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court "should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

---

[3] Federman's agreement with MMI contains an arbitration clause, pursuant to which he is pursuing a parallel arbitration action against MMI. (SAC, ¶¶ 2-3); (Goldstein Decl., ¶ 3 and Exh. B, p. 3, ¶ 18). As Plaintiff Federman notes, he invited Bank of America to participate in the arbitration, but, it declined because it is not party to Federman's agreement with MMI and, thus, not a party to the arbitration clause. (SAC, ¶ 3). Federman further acknowledged that Bank of America is not a party to his contract with MMI by filing this lawsuit separate from his arbitration against MMI. (SAC, ¶ 3).

[4] Plaintiffs further confirm in their Memorandum in Support of Motion For Conditional Certification that Defendants did not contract with any putative class member, when they state that "**BOA did not contract directly with any Collective Class member**, but instead obtained their services through third party recruiters." (*See* Dkt. #32-1, p. 12) (emphasis added).

3

Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Documents outside the pleadings may be considered when they are "integral to or explicitly relied upon relied upon in the complaint." *In Re Burlington Coat Factory Secs. Lit.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (stating that "[p]laintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them").

> **B. PLAINTIFFS FAIL TO STATE A BREACH OF CONTRACT CLAIM BECAUSE DEFENDANTS ARE NOT PARTIES TO THE CONTRACTS AT ISSUE.**

As demonstrated above, neither Defendant is a party to Federman's contract with MMI, nor do Plaintiffs allege in their SAC that Defendants were a party to any contract with Federman. Federman's breach of contract claim should therefore be dismissed because it fails to state a plausible claim against Defendants:

> It is the rule in New York that only those who are parties to a contract may be held liable for a breach of that contract ... Here, because it is plain that the contract is between plaintiff and [MMI] and does not include [Defendants] the breach of contract claim [must be] dismissed with respect to [Defendants].

*Rastogi v. Beth Israel Med. Ctr.*, 1999 U.S. Dist. LEXIS 12284, at *2 (S.D.N.Y. Feb. 16, 1999) (granting motion to dismiss, citations and internal marks omitted). *See also, e.g., Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc.*, 1997 U.S.

4

Dist. LEXIS 5144, *7 (S.D.N.Y. April 18, 1997) (granting defendant judgment on the pleadings because it was not a party to the contract at issue) (citing *Dember Constr. Corp. v. Staten Island Mall,* 56 A.D.2d 768, 392 N.Y.S.2d 299, 300 (1st Dept. 1977) (holding that "[s]ince [the defendant] was not a party to the contract, the complaint against it must be dismissed").[5]

Plaintiffs do not attach to their SAC a copy of Plaintiff Leone's contract with TEK.  However, as demonstrated above, Plaintiffs do not allege in their SAC that Defendants were a party to any contract with Leone, and they expressly acknowledge in their motion for conditional certification that Defendants did not contract with any putative class member.  *See supra* note 4.  Leone's breach of contract claim therefore should be dismissed because it too fails to state a plausible claim against Defendants.  *See, e.g., Pathfinder Mgmt., Inc. v. Mayne Pharma PTY*, 2008 U.S. Dist. LEXIS 61081, *52-53 (D.N.J. Aug. 5, 2008) (granting motion to dismiss breach of contract claims as to defendants that were not parties to the contract at issue).

## IV. CONCLUSION

As Plaintiffs acknowledge, "BOA did not contract directly with any class member ..." (See Dkt. # 32-1, p. 12).  Consequently, and for all of the foregoing

---

[5]  Plaintiff Federman's contract with MMI is governed by New York law, given that MMI is a New York corporation.  (Goldstein Decl., Exh. B, p. 1 and p. 3, ¶ 16).

5

reasons, Defendants respectfully request the Court to dismiss Count I of Plaintiffs' SAC, their breach of contract claim, with prejudice.

                                    Respectfully submitted,

Dated:  October 30, 2015
        New York, New York

                            By:     /s/ Philip A. Goldstein
                                Philip A. Goldstein
                                McGuireWoods LLP
                                1345 Avenue of the Americas, 7th Fl.
                                New York, New York 10105-0106
                                (212) 548-2100
                                pagoldstein@mcguirewoods.com

                                *Attorneys for Defendants*