Philip A. Goldstein
*pagoldstein@mcguirewoods.com*
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants Bank of America, N.A. and Bank of America Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------- x

SCOTT FEDERMAN and JAMES     :
LEONE, on behalf of themselves and all   :    Civil Action No. 3:14-cv-00441-MAS-TJB
others similarly situated,     :
    :
       Plaintiffs,     :    **DEFENDANTS' ANSWER TO**
    :    **SECOND AMENDED COMPLAINT**
v.     :
    :
    :
BANK OF AMERICA, NA,     :
and BANK OF AMERICA CORP.,     :
    :
       Defendants.     :

-------------------------------------------------- x

Defendants Bank of America, N.A. ("BANA") and Bank of America Corp. ("BAC") (collectively, "Defendants"), each with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255, by and through their attorneys, McGuireWoods LLP, answer the Second Amended Complaint ("SAC or Second Amended Complaint") as follows:

## AS TO THE NATURE OF THE ACTION

1.     Defendants admit that this is a putative class and collective action in which Plaintiffs assert claims under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and certain contract theories. Defendants deny the remaining allegations in this paragraph.

2.     Defendants deny they are employers or statutory employers or co-employers of Plaintiffs or any member of the putative class or collective. Upon information and belief,

Defendants admit that Plaintiff Federman had an agreement with his employer, Mitchell Martin, Inc. ("MMI"), which contained an arbitration provision. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

3.      Defendants admit that Plaintiff Federman filed a demand for arbitration with the American Arbitration Association against BANA, and that no enforceable arbitration obligation exists between BANA and Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

4.      Defendants deny they are employers or statutory employers or co-employers of Plaintiffs or any member of the putative class or collective. Defendants admit that no enforceable arbitration obligation exists between BANA and Plaintiffs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

## AS TO THE JURISDICTION AND VENUE

7. [sic].      Defendants admit that federal subject matter jurisdiction exists and that Plaintiffs assert a claim under the Fair Labor Standards Act. Defendants deny any wrongdoing or liability, and deny all remaining allegations in this paragraph.

8.    Defendants admit that venue is proper in this District, and that BANA has conducted business in this District.  Defendants deny any wrongdoing or liability, and deny all remaining allegations in this paragraph.

## AS TO THE PARTIES

9.    Defendants admit that Plaintiff Federman was employed by MMI, that Plaintiff Federman worked on an assignment through his employer MMI at a facility located at 1100 Merrill Lynch Drive, Pennington, New Jersey, and that Exhibit A to the SAC is a document entitled "Consent To Act As Plaintiff."  Defendants lack information sufficient to form a belief as to the truth of Plaintiff Federman's allegations regarding his citizenship or his residence, and therefore deny them.  Defendants deny the remaining allegations in this paragraph.

10.    Defendants admit that Plaintiff Leone was employed by TEKsystems, that Plaintiff Leone worked on an assignment through his employer TEKsystems at a facility located at 1100 Merrill Lynch Drive, Pennington, New Jersey, and that Exhibit B to the SAC is a document entitled "Consent To Act As Plaintiff."  Defendants lack information sufficient to form a belief as to the truth of Plaintiff Leone's allegations regarding his citizenship or his residence, and therefore deny them.  Defendants deny the remaining allegations in this paragraph.

11.    Defendants admit that BANA is a national banking association, that BANA maintains executive offices in Charlotte, North Carolina, that BAC is a publicly-traded company organized under the laws of the State of Delaware, that BAC has subsidiaries, that BANA has a contractual relationship with Pontoon Solutions for staffing services, that BANA has gross sales over $500,000 a year and uses goods produced in interstate commerce.  Defendants deny the remaining allegations in this paragraph.

12.    Defendants deny the allegations in this paragraph.

## AS TO THE STATEMENT OF FACTS

11. [sic]    Defendants admit that BANA operates a facility in Pennington, New Jersey, that BANA employs individuals who work in that facility, and that contractors also work in that facility.  Upon information and belief, Defendants admit that Plaintiff Federman worked at that facility and had a contractual agreement with his employer, MMI, and that Plaintiff Leone worked at that facility and had a contractual agreement with his employer, TEKsystems. Defendants lack knowledge or information sufficient to support a belief regarding the truth of the allegations regarding contractors' agreements with their employers, and therefore deny them. Defendants deny the remaining allegations in this paragraph.

12.    Upon information and belief, Defendants admit that Plaintiff Federman had a contractual agreement with his employer, MMI, and that in a Term Schedule annexed to that agreement, MMI referred to Plaintiff Federman as a Technical Delivery Manager and described his rate as $60.00 per hour (W2).    Defendants lack knowledge or information sufficient to support a belief regarding the truth of the remaining allegations in this paragraph, and therefore deny them.

13.    Upon information and belief, Defendants admit that Plaintiff Leone had a contractual agreement with his employer, TEKsystems.    Defendants lack knowledge or information sufficient to support a belief regarding the truth of the remaining allegations in this paragraph, and therefore deny them.

14.    Defendants admit that Plaintiffs worked on an assignment at the BANA facility in Pennington, New Jersey.    Defendants lack knowledge or information sufficient to support a belief regarding the truth of the remaining allegations in this paragraph, and therefore deny them.

15.    Defendants admit that Plaintiffs submitted time records.    Defendants lack knowledge or information sufficient to support a belief regarding the truth of the remaining

allegations in this paragraph, and therefore deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff alleges he recorded for his employer MMI, and therefore denies them.  Defendants deny the remaining allegations in this paragraph.

17.     Defendants lack knowledge or information sufficient to support a belief regarding the truth of the allegations in this paragraph, and therefore deny them.

18.     Defendants deny the allegations in this paragraph.

19.     Defendants deny the allegations in this paragraph.

20.     Defendants admit that the cited statutes govern employers in New Jersey. Defendants deny that they employed Plaintiffs or any member of the putative class or collective, and deny the remaining allegations in this paragraph.

21.     Defendants deny the allegations in this paragraph.

<u>**AS TO THE CLASS ACTION ALLEGATIONS**</u>

22.     Defendants admit that Plaintiffs purport to assert putative class claims pursuant to the proposed putative class definition.  Defendants deny that this proposed putative class definition is maintainable under Rule 23, deny that class status is permissible under Rule 23, and deny the remaining allegations in this paragraph.

23.     Defendants admit that Plaintiffs purport to assert putative subclass claims pursuant to the proposed putative subclass definition.  Defendants deny that this proposed putative subclass definition is maintainable under Rule 23, deny that class or subclass status is permissible under Rule 23, and deny the remaining allegations in this paragraph.

24.     Defendants deny the allegations in this paragraph.

25.     Defendants deny the allegations in this paragraph and each of its subparagraphs.

25. [sic]     Defendants deny the allegations in this paragraph.

26.    Defendants deny the allegations in this paragraph.

27.    Defendants deny the allegations in this paragraph.

28.    Defendants deny the allegations in this paragraph.

## AS TO COUNT I

### (Breach of Contract on behalf of all Class and Subclass Members)

29.    Count I is subject to Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), so no answer is required or appropriate at this time.

30.    Count I is subject to Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), so no answer is required or appropriate at this time..

31.    Count I is subject to Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), so no answer is required or appropriate at this time.

32.    Count I is subject to Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), so no answer is required or appropriate at this time.

33.    Count I is subject to Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), so no answer is required or appropriate at this time.

## AS TO COUNT II

### (NJWHL - Unpaid Wages on behalf of New Jersey Subclass Members)

34.    Defendants reallege and incorporate by reference all answers to all proceeding paragraphs.

35.    Defendants deny the allegations in this paragraph.

36.    Defendants deny the allegations in this paragraph.

37.    Defendants deny the allegations in this paragraph.

6

## AS TO COUNT III

### (Unjust Enrichment on behalf of all Class and Subclass Members)

37. [sic]     Defendants reallege and incorporate by reference all answers to all preceding paragraphs.

38.     Defendants deny the allegations in this paragraph.

39.     Defendants deny the allegations in this paragraph.

40.     Defendants deny the allegations in this paragraph.

## AS TO COUNT IV

### (FLSA Collective Action)

41.     Defendants reallege and incorporate by reference all answers to all preceding paragraphs.

42.     Defendants admit that Plaintiff seeks to bring his FLSA claim on behalf of himself and a putative collective. Defendants deny the remaining allegations in this paragraph.

43.     Defendants admit engaging in interstate commerce with annual gross sales of at least $500,000. Defendants deny the remaining allegations contained in this paragraph.

44.     Defendants deny the allegations in this paragraph.

45.     Defendants deny the allegations in this paragraph.

46.     Defendants deny the allegations in this paragraph.

47.     Defendants deny the allegations in this paragraph.

48.     Defendants deny the allegations in this paragraph.

49.     Defendants deny the allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's belief, and therefore deny them. Defendants deny

the remaining allegations in this paragraph.

51.    Defendants deny the allegations in this paragraph.

52.    Defendants deny the allegations in this paragraph.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge or awareness, and therefore deny them. Defendants deny the remaining allegations in this paragraph.

54.    Defendants deny the allegations in this paragraph.

55.    Defendants deny that they are required to respond to the Prayer for Relief following Paragraph 54 of Plaintiffs' Second Amended Complaint.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek therein.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without creating, accepting or adopting any burden of proof that is not already upon them under applicable law on the issues identified below, Defendants separately allege that each of the following defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  As used in these defenses, all references to "plaintiffs" and "class members" include opt-in plaintiffs who have or hereafter file consents to join this action.

<u>FIRST DEFENSE</u>

The Second Amended Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations, including but not limited to 29 U.S.C. § 255 and applicable limitations periods under New Jersey law.

<u>SECOND DEFENSE</u>

Plaintiffs' Second Amended Complaint, and each and every count or claim for relief alleged therein, fails to state a claim upon which relief can be granted for Plaintiffs and the putative class and collective members they purport to represent.

### THIRD DEFENSE

Plaintiffs, and the putative class and collective members Plaintiffs purport to represent, failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

### FOURTH DEFENSE

The Second Amended Complaint and each and every purported cause of action alleged therein are barred by the doctrine of waiver.

### FIFTH DEFENSE

The Second Amended Complaint and each and every purported cause of action alleged therein are barred by the doctrine of consent.

### SIXTH DEFENSE

The Second Amended Complaint and each and every purported cause of action alleged therein are barred by the doctrine of "unclean hands."

### SEVENTH DEFENSE

Defendants acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to them.

### EIGHTH DEFENSE

Although Defendants generally and specifically deny that they owe any amounts to Plaintiffs and the putative class or collective members Plaintiffs purport to represent, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

### NINTH DEFENSE

Plaintiffs' claims and those of the putative class or collective members Plaintiffs purport to represent are barred and/or recovery is precluded, in whole or in part, because Defendants' conduct was not willful.

## TENTH DEFENSE

Plaintiffs' alleged claims and remedies, individually and on behalf of the putative class or collective members Plaintiffs purport to represent, must be denied in whole or in part because some or all of the alleged work activities described in Plaintiffs' Second Amended Complaint are not compensable and/or are excluded from measured working time.

## ELEVENTH DEFENSE

Plaintiffs' claims and those of the putative class and collective members Plaintiffs purport to represent are barred, in whole or in part, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property.

## TWELFTH DEFENSE

Defendants are entitled to an offset and/or a setoff for any monies received by Plaintiffs, and the putative class or collective members Plaintiffs purport to represent, from any source, including without limitation other lawsuits or arbitrations seeking recovery for the same alleged damages, in compensation for their alleged economic and non-economic damages under the common law doctrine of offset and/or setoff and under the doctrine prohibiting double recovery under applicable law.

## THIRTEENTH DEFENSE

Defendants are entitled to a setoff for amounts Plaintiffs, and the putative class and collective members Plaintiffs purport to represent, owe them for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

## FOURTEENTH DEFENSE

The claims of Plaintiffs and the putative class and collective members Plaintiffs purport to represent are barred in whole or in part by the doctrine of avoidable consequences.

## FIFTEENTH DEFENSE

Plaintiff's Second Amended Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred based on one or more accords and satisfactions.

## SIXTEENTH DEFENSE

Plaintiff's Second Amended Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred based on one or more novations.

## SEVENTEENTH DEFENSE

Plaintiffs' Second Amended Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class and collective members Plaintiff purport to represent, to the extent that they seek any type of penalties, punitive or exemplary damages, are barred because they violate Defendants' right to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and the New Jersey Constitution. Further, the statutes and/or regulations upon which such claims are based are void for vagueness, violate the equal protection clause, violate the due process clause, place an undue burden on interstate commerce and/or violate the Eighth Amendment proscription against excessive fines.

## EIGHTEENTH DEFENSE

Plaintiffs' Second Amended Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred because at all times relevant hereto, the answering defendants did not require Plaintiffs or the putative class or collective members Plaintiffs purport to represent to work any hours without appropriate compensation or otherwise.

## NINETEENTH DEFENSE

Plaintiffs' Second Amended Complaint and each and every claim alleged therein, individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred because any losses are *de minimis* and not compensable.

## TWENTIETH DEFENSE

Plaintiffs' Second Amended Complaint and each and every claim alleged therein, individually and on behalf of the putative class and collective members Plaintiffs purport to

represent, are barred to the extent Plaintiffs and such putative class and collective members fall or fell within a class of plaintiffs in another action that has or had identical and/or overlapping claims which have been adjudicated.

### TWENTY-FIRST DEFENSE

.Defendants reserve the right to rely on the defense that Plaintiffs' state law claims and those of the putative class and collective members Plaintiffs purport to represent are preempted by the Fair Labor Standards Act.  Defendants further reserve the right to rely on the defense that Plaintiffs' contract and common law claims are barred because they are duplicative of and/or preempted by the federal and state laws upon which Plaintiffs' statutory claims are based.

### TWENTY-SECOND DEFENSE

Plaintiffs and the putative class and collective members Plaintiffs purport to represent have failed to state a claim for prejudgment interest against the answering defendants.

### TWENTY-THIRD DEFENSE

To the extent Plaintiffs and/or members of the putative class and collective Plaintiffs purport to represent worked any time for which they were not paid, such time was worked without Defendants' knowledge or approval.

### TWENTY-FOURTH DEFENSE

Plaintiffs' Second Amended Complaint, and each purported claim and cause of action alleged therein, both individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred by the doctrines of *res judicata* and/or collateral estoppel.

### TWENTY-FIFTH DEFENSE

Defendants reserve the right to rely on the defense that Plaintiffs' Second Amended Complaint, and each purported statutory claim and cause of action alleged therein, both individually and on behalf of the putative class and collective members Plaintiffs purport to represent, are barred by federal and state minimum wage and overtime pay exemptions, including the computer professional, administrative professional and all other applicable

exemptions.

### TWENTY-SIXTH DEFENSE

To the extent certain class members other than Plaintiff Federman have an arbitration agreement with BANA or BAC, they are obligated to arbitrate their disputes.

### TWENTY-SEVENTH DEFENSE

Defendants are not employers or co-employers of Plaintiffs or any member of the putative class or collective within the meaning of the FLSA and/or the labor and employment laws of the state of New Jersey.

### TWENTY-EIGHTH DEFENSE

Defendants reserve the right to rely on the defense that Plaintiffs' state law claims and those of the putative class and collective members Plaintiffs purport to represent are preempted by the National Bank Act.

### TWENTY-NINTH DEFENSE

Plaintiffs' claim for unjust enrichment, both individually and on behalf of the putative class and collective members Plaintiffs purport to represent, is barred by express contracts covering the subject matter of the claim.

### THIRTIETH DEFENSE

The answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated, affirmative or other defenses.  The answering Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendants respectfully request that the Court enter judgment against Plaintiff as follows:

    A.  Dismissing the Second Amended Complaint in its entirety with prejudice;

    B.  Awarding Defendants the costs and disbursements of this action, including attorneys' fees, plus interest, and

    C.  Awarding Defendants such other further relief as is just, proper and necessary.

Date:  October 30, 2015
      New York, New York

**McGUIREWOODS LLP**

By:  s/ Philip A. Goldstein
      Philip A. Goldstein
      *pagoldstein@mcguirewoods.com*
      McGuireWoods LLP
      1345 Avenue of the Americas, 7th Floor
      New York, New York 10105-0106
      (212) 548-2100

*Attorneys for Defendants Bank of America, N.A. and Bank of America Corp.*

## <u>CERTIFICATION OF NO OTHER ACTIONS</u>

Plaintiff Federman currently is engaged in an arbitration proceeding with his employer, Mitchell Martin, Inc.  Subject to the foregoing, I certify that this dispute is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.  In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

s/ Philip A. Goldstein_____
Philip A. Goldstein

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------- x

SCOTT FEDERMAN and JAMES          :
LEONE, on behalf of themselves and all          :
others similarly situated,          :          Civil Action No. 3:14-cv-00441-MAS-TJB
          :
          :
          Plaintiff ,          :
          :          **CERTIFICATE OF SERVICE**
v.          :
          :
          :
          :
BANK OF AMERICA, NA,          :
and BANK OF AMERICA CORP.,          :
          :
          Defendants.          :

------------------------------------------------- x


     I hereby certify that on October 30, 2015, I electronically filed the foregoing
**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of the
Court using the CM/ECF system, which will send notification of such filing to the following
counsel of record:

Bruce D. Greenberg                          Tracy Paul Hunt
Jeffrey A. Shooman                          TIMBY HUNT, LLC
LITE DEPALMA GREENBERG, LLC                 22 W. Court Street
Two Gateway Center – Suite 1201             Doylestown, PA 18901
Newark, NJ 07102                            (215) 230-7626
(973) 623-3000                              tph@timbyhunt.com
bgreenberg@litedepalma.com
jshooman@litedepalma.com


Michael D. Donovan (*pro hac vice*)
DONOVAN AXLER, LLC
1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
 mdonovan@donovanaxler.com


                          *s/* Philip A. Goldstein
                          Philip A. Goldstein