McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Philip A. Goldstein
Direct: 212.548.2167

**McGUIREWOODS**

pagoldsteinstein@mcguirewoods.com
Fax: 212.715.6275

August 24, 2016

**Via ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 6E
Trenton, New Jersey 08608

    Re:    **Scott Federman et al. v. Bank of America, N.A., et al.**
             **Case No. 3:14-cv-00441 (MAS)(TJB)**
             **Defendants' Response In Support Of Motion To Seal (Dkt. No. 59)**

Dear Judge Bongiovanni:

       I represent Defendants in this matter, and write on their behalf in support of Plaintiffs' Motion to Seal Materials filed on August 3, 2016 (Dkt. No. 59).

       On March 5, 2015, this Court entered the parties' joint, agreed Discovery Confidentiality Order. (Dkt. No. 28). Defendants supported that joint, agreed Discovery Confidentiality Order by explaining the legitimate interests which warrant confidentiality of certain materials in this matter: the litigation involves the workings of Defendants, which are financial institutions; the financial industry is highly competitive; and the unrestricted disclosure of Defendants' confidential business information could adversely affect and damage Defendants' competitive position in the marketplace. (Dkt. No. 28, p. 8 of 9, ¶¶ 5-7).

       On August 1, 2016, Plaintiffs filed their reply brief in support of their motion for leave to file a third amended complaint. Plaintiffs' reply brief cites to two documents which Plaintiffs have moved to seal. (Dkt. Nos. 57, 58, 59). The two documents are (1) a Master Services Provider / Contingent Labor Management Agreement between Bank of America, N.A. ("BANA") and third party Pontoon Solutions, Inc. ("Pontoon"); and (2) deposition testimony of Defendants' Rule 30(b)(6) designee regarding that BANA-Pontoon agreement, and the workings and details of BANA's business relationship with Pontoon. The specifics of the BANA-Pontoon agreement and the details of BANA's business relationship with Pontoon could cause competitive harm if they were disclosed to or obtained by a competitor of Defendants. Accordingly, Defendants designated the BANA-Pontoon agreement as "Attorney's Eyes Only"

and designated the deposition testimony as "Confidential" pursuant to the Discovery Confidentiality Order entered by the Court. Plaintiffs have not opposed those designations.

Defendants have twice before relied on documents and materials similarly designated as "Attorney's Eyes Only" and "Confidential" pursuant to the Discovery Confidentiality Order to support filings in this case, including the same BANA-Pontoon agreement at issue here. Both times I consulted in advance with Judge Shipp's chambers. Based on those consultations, the designated materials were omitted or redacted from the filings, while full unredacted versions were sent to Plaintiffs' counsel and to Judge Shipp with the request that they be accepted under seal. (*See* Exhs. 1 and 2 to this letter, my November 19, 2015 and my November 30, 2015 letters to Judge Shipp, both copied to Plaintiffs' counsel). In accordance with my consultations with Judge Shipp's chambers, Judge Shipp accepted these documents under seal.

Here, Plaintiffs followed a different procedure, filing the materials with restricted access without consulting with chambers in advance. That procedure generated a Clerk's Quality Control Message advising Plaintiffs to file a formal motion to seal, which led Plaintiffs to file the motion at issue. (*See* Clerk's Quality Control Message dated August 1, 2016). Despite the differing procedures, the end result here should be the same as that approved by Judge Shipp. Defendants designated the materials as "Attorney's Eyes Only" and as "Confidential" in good faith, to protect their legitimate interests. Defendants' legitimate interests could be compromised and damaged if these materials were made available to the public. A less restrictive alternative (e.g., redaction) is not feasible, as the materials would need to be so heavily redacted as to render any redacted filing unusable.

For all these reasons, we ask the Court to reach the same result as Judge Shipp – particularly since one of the documents at issue (the BANA-Pontoon agreement) was previously presented to and accepted by Judge Ship under seal. Plaintiffs' motion to seal should likewise be granted.

Thank you in advance for your assistance and consideration.

Respectfully submitted,

Philip Andrew Goldstein

PAG/cgg

cc:   Michael D. Donovan (via email)
      Bruce D. Greenberg (via email)
      Jeremy N. Nash (via email)
      Brian E. Spang (via email)
      Bruce M. Steen (via email)

81626688_2