IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SCOTT FEDERMAN and JAMES LEONE,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. 3:14-cv-0441-TJB

---

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION AND FLSA COLLECTIVE SETTLEMENT

Plaintiffs moved this Court for an Order preliminarily approving the Parties' settlement, certifying a settlement class and FLSA collective, appointing settlement Class Counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). Defendant Bank of America, N.A. ("Bank of America") does not oppose the motion. Upon considering the Motion, the Parties' Settlement Agreement and all its exhibits (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1. The Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement.

2. The terms of the Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of the Notice according to the Notice Plan.[1] This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is good cause to submit the proposed Settlement to Settlement Class Members and to hold a hearing concerning final approval of the proposed Settlement, and ultimately approve the Settlement.

3. The Parties have made a sufficient showing, under the provisions of Fed. R. Civ. P. 23, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> (1) All persons employed by any staffing agency as a contractor placed on a temporary assignment at Bank of America's facility located on Merrill Lynch Drive in Pennington, New Jersey, within the Release Delivery Services group within Bank of America's Core Technologies and Solutions group during the period June 2013 through January 2014; and

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

682710.1

(2) All persons employed by any staffing agency as a contractor placed on a temporary assignment at Bank of America's facility located on Merrill Lynch Drive in Pennington, New Jersey, within the Infrastructure Integration, Tools and Strategy group within Bank of America's Core Technologies and Solutions group during the period June 2013 through January 2014.

If, for any reason, the proposed Settlement is not approved, any order certifying a settlement class for purposes of settlement shall be vacated *nunc pro tunc* and the case shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

4. The Parties have made a sufficient showing, under the provisions of the Fair Labor Standards Act, particularly 29 U.S.C. § 216(b), to conditionally certify a collective consisting of people who meet the criteria listed in the previous paragraph. If, for any reason, the proposed settlement is not approved, any order certifying a collective class for purposes of settlement shall be vacated *nunc pro tunc* and the case shall proceed as though the collective had never been certified, without prejudice to the Parties' rights to either request or oppose certification for purposes of litigation.

5. Named Plaintiffs Scott Federman and James Leone are designated as the Class Representatives.

6. The court hereby appoints the following attorneys as counsel for the Rule 23 Settlement Class and the FLSA Collective: Michael D. Donovan of the

Donovan Litigation Group, LLC; Bruce Greenberg of Lite DePalma Greenberg, LLC; and Tracy Hunt of Timby Hunt, LLC.

7. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Named Plaintiffs and/or the Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Parties. The Settlement Agreement shall not be offered or be admissible in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) involving any Plaintiff or Settlement Class Member to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the court's Order preliminarily approving the Settlement Agreement.

8. The Notice and provisions for disseminating notice substantially as described in and attached to the Settlement Agreement are hereby approved. The Court approves the Notice and Claim and Consent to Join Form contained in Exhibit 1 to the Settlement Agreement. These materials (a) provide the best

682710.1

practicable notice, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and of their right to appear, object to, or exclude themselves from the proposed Settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and all other applicable laws.

9. KCC Class Action Services, LLC ("KCC"), selected pursuant to the terms of the Settlement Agreement, shall be responsible for providing notice of the proposed Settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement and as directed under the Class Action Fairness Act (28 U.S.C. § 1715). KCC's fees and costs will be paid by Defendant separately from the Settlement Fund.

10. No later than fifteen (15) days after entry of this Order, Bank of America shall provide the Class List to KCC as specified in Paragraph 65 of the Settlement Agreement. As soon as practicable, KCC shall send to all Settlement Class Members identified on the Class List via direct first-class mail a copy of the Notice and Claim and Consent to Join Form, and requisite tax forms.

11. KCC shall also have the obligations otherwise enumerated in the Settlement Agreement.

682710.1

12. Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion (as descried in the Notice and Settlement Agreement) by sending it to KCC, by first-class U.S. Mail to the address provided in the Notice. Requests for exclusion must contain all information described in the Settlement Agreement. The envelope containing the Request for Exclusion must be postmarked not later than sixty (60) days before the date set for the Fairness Hearing in Paragraph 18 below; this deadline will not change if the Fairness Hearing is rescheduled. The Court shall rule on the validity of exclusions at the Fairness Hearing.

13. Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall remain a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court. Objections must contain all information described in the Settlement Agreement. The envelope containing the Objection to the Settlement must be filed not later than sixty (60) days before the date set for the Fairness Hearing in Paragraph 18, below; this deadline will not change if the Fairness Hearing is rescheduled. Only Settlement Class Members

may object to the Settlement. The Court will provide the Parties electronic notice of any Objections received by the Court.

15. Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the Settlement.

16. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses

17. Fourteen (14) days before the date set for the Fairness Hearing, Plaintiffs shall file a motion for judgment and final approval of the Settlement. The Parties shall file their briefs in support of settlement approval, as well as any supplemental briefs supporting Class Counsel's motion for attorney's fees, reimbursement of litigation costs, and Class Representative Payments, at that time. The briefing will include the Parties' responses to any Objections, as well as a declaration setting forth the number of Settlement Class Members who opted out of the Settlement Class. Such briefing shall be served on any other attorneys who have entered an appearance in the proceeding, and on members of the Settlement

682710.1

Class to whose Objection to the settlement the memoranda or other briefing responds.

18. On ~~October 19~~ *October 19, 2017*, at *10:30* a.m. ~~p.m.~~, the Court will hold the Fairness Hearing. It shall be held in Courtroom *6E* of the United States District Court for the District of New Jersey, located at 402 East State Street, Room *6E*, Trenton, New Jersey, 08608, which shall be set forth in the Mailed Notice. The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Bank of America's Counsel and to any objecting Settlement Class Member. At the Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of attorneys' fees and expenses that should be awarded to Class Counsel, and the amount of the Class Representative Payments that should be awarded to the Named Plaintiffs. If appropriate, the Court will issue a final Order and Judgment memorializing its decision.

19. Pending further orders by this Court, all proceedings in this case shall be further stayed, except for proceedings pursuant to this Order. A stay is warranted because it will conserve the parties' and the Court's resources, minimize interference with this Court's ability to rule on the proposed Settlement, and preserve the Settlement for a short period of time while class members receive

682710.1

notice and evaluate their options. A standstill of litigation will be efficient, promotes the public policy favoring settlement, and aids resolution of claims, which is in the public interest.

20. As directed in Paragraphs 3 and 4, the Rule 23 class is provisionally certified, and the FLSA collective is conditionally certified, and all Settlement Class Members under the jurisdiction of this Court are enjoined from commencing and thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury or wrongful death), in any jurisdiction or court against Bank of America or the Released Parties relating to or arising out of the subject matter of this action until such time as the class and/or collective is decertified or pursuant to further orders of this Court; provided, however, that this Paragraph does not apply to the FLSA opt-in process in accordance with the Settlement Agreement.

21. Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: June 19, 2017

Honorable Tonianne Bongiovanni
United States Magistrate Judge