IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SCOTT FEDERMAN and JAMES LEONE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No. 3:14-cv-0441-TJB

---

## FINAL APPROVAL ORDER AND JUDGMENT

THIS MATTER having been presented to the Court by counsel for the Plaintiffs and the Class for final approval of the proposed class and collective action settlement (the "Settlement"), in accordance with the Stipulation for Settlement of Class Action and Collective Action Claims (the "Agreement" or "Settlement Agreement") [ECF 72-2, Exh. 1], and on the motion for an award of attorneys' fees and costs and approval of service awards dated October 30, 2017 [ECF 78]; and

WHEREAS, the Court finds that it has jurisdiction pursuant to the parties' Stipulation and Consent Order [ECF 67] over this Action and each of the parties under 28 U.S.C. § 1332(d) and that venue is proper in this district; and

1

WHEREAS the Court finds as follows: The Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations. The Settlement is not the result of collusion. The Settlement is fair, reasonable, and adequate; and

WHEREAS, this Court conducted a hearing on November 30, 2017, and has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel, and the requirements of the governing law; and for good cause shown

IT IS THIS 30th day of November, 2017:

**ORDERED** that the Final Approval and Judgment is **GRANTED**, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Agreement.

2. The "Settlement Class," certified for the sole purpose of consummating the Settlement in this Action, consists of and is hereinafter defined as:

> (1) All persons employed by any staffing agency as a contractor placed on a temporary assignment at Bank of America's facility located on Merrill Lynch Drive in Pennington, New Jersey, within the Release Delivery Services group within Bank of America's Core Technologies and Solutions group during the period June 2013 through January 2014; and
>
> (2) All persons employed by any staffing agency as a contractor

placed on a temporary assignment at Bank of America's facility located on Merrill Lynch Drive in Pennington, New Jersey, within the Infrastructure Integration, Tools and Strategy group within Bank of America's Core Technologies and Solutions group during the period June 2013 through January 2014.

3. Upon the Declaration of the Notice and Claims Administrator [ECF 79-2], retained in accordance with the Settlement Agreement and the Court's Preliminary Approval Order [ECF 75], no person falling within the Settlement Class definition has submitted a Request for Exclusion and the deadline for submission of such Request for Exclusion has passed.

4. Upon the Declaration of the Notice and Claims Administrator [ECF 79-2] retained in accordance with the Settlement Agreement and the Court's Preliminary Approval Order [ECF 75], no person falling within the Settlement Class definition has submitted Objection to the Settlement and the deadline for the submission of such Objection has passed.

5. The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and fully satisfied the requirements of due process, Fed. R. Civ. P. 23, and all other applicable law.

6. The Court finds that the proposed Settlement Class meets all the

applicable requirements of Fed. R. Civ. P. 23 and 29 U.S.C. §216(b), affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

7. Based upon the Court's familiarity with the claims and parties, the Court finds that Plaintiffs Scott Federman and James Leone adequately represent the interests of the Settlement Class and hereby confirms their appointment as Class Representatives for the Settlement Class.

8. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Lead Class Counsel pursuant to Rule 23:

**DONOVAN LITIGATION GROUP LLC**
Michael D. Donovan
15 St. Asaphs Rd.
Bala Cynwyd, PA 19004
Telephone: (610) 647-6067
mdonovan@donovanlitigationgroup.com

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
(973) 623-3000
bgreenberg@litedepalma.com

**TIMBY HUNT, LLC**
Tracy Paul Hunt
33 W. Court St.
Doylestown, PA 18901
(215) 230-7626
tph@timbyhunt.com

9. The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly, the Settlement is finally approved by the Court.

10. The Final Approval Order and Judgment as provided under the Agreement should be entered. This Order and Judgment shall be fully binding with respect to all members of the Class and shall have res judicata, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys' fees, costs, interests, or expenses that were asserted in this action.

11. The operative complaint in this action is dismissed with prejudice, and the claims against Defendant are released.

12. The Settlement Administrator shall distribute to each Settlement Class Member who timely submitted a properly executed, valid Claim Form, the benefits to which they are entitled under the terms of the Agreement.

13. Class Counsel is hereby awarded: (i) $82,500 in attorneys' fees (30% of the Settlement Fund); and (ii) documented expenses in the amount of $67,263.52.

14. The Class Representatives are to receive a service award as follows: $20,000 for Scott Federman and $10,000 for James Leone.

15. The awarded attorneys' fees and expenses, and Class Representative service awards, are to be paid and distributed in accordance with the Settlement Agreement.

16. The Court authorizes Class Counsel to allocate the fee award.

17. Each and every term and provision of the Agreement and Settlement shall be deemed incorporated into this Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

18. The terms of this Final Approval Order and Judgment, and the Settlement are binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

19. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

20. Other than as set forth herein, the parties shall bear their own costs and attorneys' fees.

21. The releases set forth in the Settlement Agreement are incorporated by reference. All Class Members, as of the Effective Date, shall be bound by the releases set forth in the Settlement Agreement whether or not they have availed themselves of the benefits of the Settlement.

22. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

23. No Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding against Defendant in any court or tribunal asserting any of the claims released by the Settlement or Agreement, and are hereby permanently enjoined from so proceeding.

24. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the parties' ability to exercise their rights under Paragraph 16 above.

25. Neither this Order nor the Agreement, nor any documents or

statements related thereto, shall constitute any evidence or admission of liability by Defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

26. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith and designate this case as closed.

**IT IS SO ORDERED.**

Dated: November 30, 2017

_____
Honorable Tonianne Bongiovanni
United States Magistrate Judge

[Docket Entry Nos 78+79 are terminated]